UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHANDI LESURE,

           Plaintiff,

           Case No. 23-cv-01002-bhl

v.

WALMART INC, et al,

           Defendants.

## ORDER GRANTING MOTION TO DISMISS

      The common law doctrine of res judicata or claim preclusion prohibits a party from relitigating claims previously adjudicated. It also bars a party from presenting related claims in piecemeal fashion in multiple lawsuits. Plaintiff Chandi LeSure is attempting to do both. Her complaint stems from an August 9, 2020 visit to a Walmart store in Plymouth, Indiana, where LeSure, who is black, alleges she was subjected to unlawful racial discrimination. But LeSure has already litigated this suit. She filed a complaint against Defendant Walmart, Inc. (Walmart) in this same district in April 2021, making the same claim for racial discrimination in violation of 42 U.S.C. § 1981, arising out of the same August 9, 2020 visit to the same Plymouth, Indiana Walmart. Her earlier case was dismissed by Chief Judge Pamela Pepper on August 24, 2022. The primary difference between the two cases is LeSure's addition of two new claims and two unnamed security guards as defendants. Walmart has moved to dismiss LeSure's latest complaint on the grounds that res judicata bars her from relitigating her previously adjudicated claims and from raising new, related claims that could have been raised in her prior lawsuit. Because Walmart is correct, its motion to dismiss will be granted.

## BACKGROUND[1]

LeSure filed this lawsuit on July 27, 2023. According to her complaint, in August of 2020, LeSure participated in a 24-day march from Milwaukee, Wisconsin to Washington, D.C. to protest the deaths of George Floyd and Breonna Taylor. (ECF No. 1 ¶9.) While on the march, LeSure found herself in Plymouth, Indiana on August 9, 2020 in need of supplies. (*Id.* ¶¶10–11.) So she stopped at the local Walmart just before noon with two of her fellow marchers to buy medical supplies, electronics, food, and refreshments for the group. (*Id.* ¶¶11–12.) According to LeSure, they were the only three black customers in the Walmart. (*Id.* ¶12.) After purchasing her items in the self-checkout line, LeSure attempted to leave the store. (*Id.* ¶¶13–14.) But two white security guards "chased [her] down" and prevented her from leaving. (*Id.* ¶¶14, 16.) With LeSure's consent, the guards began to inspect her purchases, "rifling through her bags, taking out items and removing them from the cart." (*Id.* ¶16.) LeSure protested the search but was told it was "standard procedure." (*Id.* ¶17.) Two police officers then arrived, having received a report from another Walmart employee that LeSure was shoplifting. (*Id.* ¶18.) The officers never spoke with LeSure. (*Id.* ¶19.) They took the security guards elsewhere and did not return. (*Id.*) The entire ordeal lasted about 20 minutes, during which LeSure contends she was "held against her will and searched in an embarrassing and unreasonable manner," while other shoppers, predominately white, were free to exit the store without constraint. (*Id.* ¶¶20–21.)

LeSure also alleges that a local news outlet published a story claiming that law enforcement had answered a call that "Black Lives Matter march[ers]" were shoplifting at Walmart. (*Id.* ¶21.) This led to several businesses at the next march stop refusing entry to the marchers, forcing them to continue without adequate access to restrooms and food. (*Id.*) LeSure alleges she "suffered significant emotional distress, embarrassment, and humiliation after being singled out and [] treated poorly because of her race," as well as "emotional distress and mental anguish" resulting from being racially profiled by Walmart and its employees. (*Id.* ¶¶22–23.)

LeSure's complaint asserts claims against Walmart and the two unnamed security guards who stopped her (identified in the complaint as John Does I and II) for racial discrimination in violation of 42 U.S.C. § 1981. (*Id.* ¶¶24–32.) She also asserts common law claims for false

---

[1] These facts are derived from LeSure's Complaint, (ECF No. 1), the allegations in which are presumed true, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), as well as the public records of *LeSure v. Walmart Inc.*, Case No. 21-cv-472-pp. *See Lechnir v. Wells*, 157 F. Supp. 3d 804, 808 (E.D. Wis. 2016) (granting dismissal by way of claim preclusion under Fed. R. Civ. P. 12(b)(6) because "the defense [was] premised on public records").

imprisonment against all defendants, and a claim against Walmart for negligent supervision or training. (*Id.* ¶¶33–41.)

Walmart responded to the complaint on August 29, 2023 by filing a Notice of Related Actions pursuant to Civil Local Rule 3(b)(5). (ECF No. 4.) In its notice, Walmart asserts that LeSure failed to disclose her filing of a prior related action against it two years ago. Walmart followed that notice with an October 16, 2023 motion to dismiss. (ECF No. 7.) Walmart has also asked the Court to take judicial notice of (1) a complaint filed by LeSure on April 14, 2021 in the Eastern District of Wisconsin, case no. 21-cv-0472; (2) LeSure's amended complaint in that same action, filed June 1, 2021; (3) Chief Judge Pamela Pepper's order granting Walmart's motion to dismiss and dismissing that action on August 24, 2022; and (4) the accompanying judgment, also filed August 24, 2022. (ECF No. 10.)[2]

The public docket from LeSure's prior case before Judge Pepper confirms that LeSure brought claims against Walmart arising from the same August 9, 2020 incident at the Walmart in Plymouth, Indiana. (*See LeSure v. Walmart Inc.*, Case No. 21-cv-472-pp, ECF No. 11 ¶¶8–39.) LeSure's claims against Walmart (the sole defendant in the prior case) were for racial discrimination in violation of Section 1981 and common law defamation. (*Id.* ¶¶40–51.) The docket also confirms that Judge Pepper ruled that LeSure had failed to state a claim and dismissed her prior lawsuit on August 24, 2022 . (*Id.*, ECF No. 20.) That dismissal was with prejudice; having already previously given LeSure leave to amend her complaint, Judge Pepper found no reason to do so again. (*Id.* at 28–29.) She dismissed the case and directed the Clerk of Court to enter final judgment accordingly. (*Id.* at 29; *Id.*, ECF No. 21.) No appeal was taken from the judgment.

## LEGAL STANDARD

"Technically . . ., res judicata is an affirmative defense for the defendant . . . and thus cannot [normally] be raised until a motion for judgment on the pleadings under [Federal Rule of Civil Procedure] 12(c)." *Forty One News, Inc. v. County of Lake*, 491 F.3d 662, 664 (7th Cir. 2007). "In some circumstances, however, a defense of [res judicata] may be raised in a motion to dismiss if

---

[2] The Court has authority to take judicial notice of matters of public record and may do so "without converting a 12(b)(6) motion into a motion for summary judgment." *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Court proceedings are proper records for judicial notice "if the proceedings have a direct relation to matters at issue." *Opaka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (quoting *Philips Medical Sys. Int'l v. Breutman*, 982 F.2d 211, 215 n.2 (7th Cir. 1992)). Accordingly, the Court will grant Walmart's motion and take judicial notice of the relevant public records from LeSure's prior case before Chief Judge Pepper in the Eastern District of Wisconsin.

. . . the defense is premised on public records, and no further information or discovery is required." *Lechnir v. Wells*, 157 F. Supp. 3d 804, 808 (E.D. Wis. 2016); *see also Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010) (affirming dismissal on res judicata grounds under Rule 12(b)(6) because "[the district court judge] had before him all he needed in order to be able to rule on the defense"); *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339–40 (7th Cir. 1995) (affirming dismissal under Rule 12(b)(6) on res judicata grounds). Moreover, trial courts may even raise res judicata sua sponte if doing so would avoid "unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Village of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). A complaint will survive if it "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## ANALYSIS

Defendant Walmart characterizes the present lawsuit as LeSure's "request for a legal mulligan." (ECF No. 8 at 1.) It points out that she already sued Walmart in 2021 for racial discrimination and defamation based on the same events. (*Id.*) Walmart also points to Judge Pepper's dismissal of that lawsuit, on the merits, for failing to state a claim. (*Id.*) Walmart asserts that the doctrines of res judicata and collateral estoppel bar not only LeSure's attempt to relitigate her Section 1981 claim, but also her efforts to assert new claims for false imprisonment and negligent supervision or training, arising out of the same set of facts. (*Id.* at 2.) In the alternative, Walmart asserts that John Does I and II should be dismissed from this suit for lack of personal jurisdiction, that the complaint should be dismissed entirely for failure to state a claim, and that the false imprisonment and negligent supervision or training claims are time-barred under Indiana law. (*Id.* at 2–3.) Because the Court agrees that res judicata applies to LeSure's claims, it need not reach Walmart's alternative arguments. Walmart's motion to dismiss will, therefore, be granted.

## I. Res Judicata Bars LeSure's Claims.

Under the doctrine of res judicata, a party is precluded "from relitigating any issues that were or could have been raised" in a prior action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata based on a prior federal court judgment precludes a second action where there is: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (quoting *Smith v. City of Chicago*, 820 F.2d 916, 917 (7th Cir. 1987)). "If these requirements are fulfilled, res judicata 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.'" *Highway J Citizens Grp. v. U.S. Dep't. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Brzostowski*, 49 F.3d at 338).

### A. Judge Pepper's Dismissal of the Prior Lawsuit Was a Final Judgment on the Merits.

An involuntary dismissal generally "operates as an adjudication on the merits" unless the order states otherwise. Fed. R. Civ. P. 41(b). And the entry of judgment pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b) is a "final judgment on the merits for res judicata purposes" unless timely appealed within 30 days. *Tartt*, 453 F.3d at 822. In Judge Pepper's order dismissing LeSure's prior suit, she explains that LeSure was not being given leave to amend, thus confirming that the order was a final judgment on the merits. (*See LeSure*, Case No. 21-cv-0472-pp, ECF No. 20 at 28–29.) This is further confirmed by the Clerk of Court's entry of judgment dismissing the case. (*Id.*, ECF No. 21.) LeSure did not appeal that judgment. The first res judicata requirement is therefore satisfied.

### B. There Is an Identity of the Causes of Action in Both Lawsuits.

An identity of causes of action exists if the claims in both actions are "based on the same, or nearly the same, factual allegations arising from the same transaction or occurrence." *Berstein v. Bankert*, 733 F.3d 190, 226 (7th Cir. 2013) (quoting *Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996)). "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986). Thus, res judicata bars all claims arising from the "same set of operative facts or the same transaction," even if they are based on different legal theories. *Berstein*, 733 F.3d at 226–27 (quoting *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011)).

The record confirms there is an identity between the causes of action in the present and prior cases. LeSure's claims in both cases arise from the same incident. While LeSure has added two additional parties (both Walmart employees) and traded a defamation claim for claims of false imprisonment and negligent training or supervision, all claims in both lawsuits arise from the same series of events. In each case, LeSure alleges that she visited a Walmart in Plymouth, Indiana on August 9, 2020 while marching from Milwaukee to Washington, D.C. In both cases, she also claims that she was stopped while attempting to leave the store and had her purchases searched, and that a Walmart employee called law enforcement and reported her as a shoplifter. These operative facts are the same in both cases, and they are functionally identical. Because LeSure's new claims for false imprisonment and negligent supervision or training arise out of the same occurrence as her prior lawsuit and could have been brought at that time, they are barred by res judicata as plainly as her renewed Section 1981 claims.

**C. There Is an Identity of Parties or Privities Between the Lawsuits.**

For res judicata purposes, an identity of parties exists when both actions involve the same parties. *Smith*, 820 F.2d at 917. Additionally, "[r]es judicata bars subsequent suits against those who were not party to a prior suit if their interests are closely related to those who were." *Tartt*, 453 F.3d at 822. Thus, non-parties who are "in privity" with the parties to the first action are also covered. *See, e.g.*, *Studio Art Theatre of Evansville, Inc. v. City of Evansville*, 76 F.3d 128, 131 (7th Cir. 1996); *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998). Employees of a business or corporation are in privity with their employer for purposes of res judicata. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986).

In both the present and prior case, Chandi LeSure is the only plaintiff and Walmart is named as a defendant (though misidentified in both actions as "Wal-Mart, Inc."). The only change to the parties comes from LeSure's addition of John Does I and II, the unnamed Walmart security guards, as defendants in the present action. But LeSure's addition of two unnamed Walmart security guards cannot defeat the application of res judicata to her claims. As Walmart employees, John Does I and II are in privity with Walmart and their interests are closely aligned. LeSure has leveled the same allegations at each, arising from the same set of facts. In fact, LeSure's allegations against Walmart center entirely on the alleged actions of these Walmart employees, whom she could have joined to the previous action.

The Court is satisfied that the doctrine of res judicata applies to each of LeSure's claims, against each defendant. Accordingly, Walmart's motion to dismiss will be granted and the complaint will be dismissed with prejudice.

II. **The Court Declines to Credit LeSure's "Objection to Defendant's Motion to Dismiss."**

Walmart filed its motion to dismiss on October 16, 2023. (ECF No. 7.) LeSure was required to respond to the motion within 21 days, pursuant to Civil Local Rule 7(b). She failed to do so. Instead, 29 days later, on November 14, 2023, LeSure's counsel filed a two-page document entitled "Objection to Defendant's Motion to Dismiss" and asked the court to set a hearing and briefing schedule on Walmart's motion. (ECF No. 14.) This request is inconsistent with this Court's Local Rules. Under Civil Local Rule 7(b), a plaintiff's response to a motion to dismiss is due 21 days after the party is served with the motion. Thus, the local rules established the briefing schedule for Walmart's motion; there was no need for the Court to hold a hearing to lay out a briefing schedule. Counsel failed to comply with the deadline under the local rules; he cannot sidestep that failure by demanding a hearing and new briefing schedule.

The Court has the discretion to excuse counsel's error and allow LeSure extra time to respond, but it will not do so. Further briefing would be a waste of resources because Walmart's briefing conclusively establishes that LeSure's claims are barred by res judicata. Accordingly, the Court finds it appropriate to "decid[e] the motion without further input from the parties." *See* Civil L. R. 7(b). Counsel is warned that any subsequent failure to follow the local rules may result in sanctions from the Court.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Walmart's Motion to Dismiss, (ECF No. 7), is **GRANTED**, and the case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Walmart's Civil L. R. 7(h) Expedited Non-Dispositive Motion to Take Judicial Notice, (ECF No. 10), is **GRANTED**.

Dated at Milwaukee, Wisconsin on December 1, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge